IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID ARTHUR McMANNIS                                                                    PLAINTIFF

    v.      Civil No. 08-5221

BENTON COUNTY DETENTION CENTER;
JERREME REECE, Inmate, Benton County
Detention Center; CAPTAIN HUNTER
PETRAY, Commander of the Jail, Benton County
Detention Center; and GUARD MONROE,
Benton County Detention Center                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

  David Arthur McMannis submitted this *pro se* action for filing on October 7, 2008, under the provisions of 42 U.S.C. § 1983. He did not submit with his complaint a completed *in forma pauperis* (IFP) application. For this reason, an order was entered (Doc. 2) giving him until November 3, 2008, to complete, sign, and return an IFP application.

  McMannis returned the IFP application with a notation on it that this case and case number 08-5224 were identical. He also submitted a cover letter asking which case number was the correct number and noting that he only had one case. Case 08-5224 was filed on October 9, 2008 under the provisions of 42 U.S.C. § 1983. A review of the complaint shows it is identical to the complaint filed in case 08-5221. The complaint was merely received by the court on a different day and accompanied by a completed IFP application. The IFP application was granted and a case opened. There was no reference to the earlier complaint or the court's order entered in 08-5221.

  However, as the two cases are identical, I recommend that civil case 08-5221 be dismissed. The court has already granted McMannis IFP status in 08-5224 and entered the order directing the

-1-

clerk to collect the filing fee pursuant to the provisions of the Prison Litigation Reform Act.

**McMannis has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McMannis is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)